IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| Gloria Gaines, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | 2:20-cv-00223-RWS-JCF |
| v. | ) | |
| | ) | |
| CBA of GA, Inc. d/b/a Credit Bureau Associates, | ) | **COMPLAINT WITH** |
| | ) | **JURY TRIAL DEMAND** |
| | ) | |
| Defendant. | ) | |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 *et seq.* and for violations of the Georgia Fair Business Practices Act (GFBPA), O.C.G.A. 10-1-390 *et seq.*

## PARTIES

1.     Plaintiff, Gloria Gaines, is a natural person who resides in Tift County, Georgia.

2.     Defendant, CBA of GA, Inc. d/b/a Credit Bureau Associates, is a corporation formed under the laws of the State of Georgia and does business in

1

Georgia. Defendant may be served with process via its registered agent, John S. Gordon, 64 Sailors Drive, Suite 102, Ellijay, GA 30540.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant because, *inter alia*, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. Pursuant to LR 3.1B(3), venue is proper in the Rome Division because the events occurred in Floyd County which is in the Rome Division.

## FACTUAL ALLEGATIONS

7. Plaintiff is allegedly obligated to pay a consumer debt arising out of an apartment lease and is therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant's principal business is the collection of consumer debt and the collection of those accounts for its commercial benefit. Defendant regularly collects, or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, to a third party.

9. Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

10. Defendant manages, and collects upon, thousands of consumer debt accounts annually.

11. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12. Plaintiff had fallen behind on some of her bills and was attempting to get her financial affairs in order to get out of debt and raise her credit score.

13. Defendant had placed negative account information on Plaintiff's credit report.

14. In August of 2020, Plaintiff called Defendant in an attempt to collect information so that she could prioritize making payments on her bills.

15. During the phone call, Defendant's agent repeatedly threatened to sue Plaintiff if she did not make payment arrangements.

16. The debts Defendant was trying to collect from Plaintiff dated back to 2011.

17. The accounts reported by the Defendant and in collection are consumer accounts thus an open account subject to a statute of limitations of four years per O.C.G.A. § 9-3-25.

18. The statute of limitations on the accounts Defendant was trying to collect had already run. Therefore, Defendant had no legal right to file suit against Plaintiff to collect these debts despite Defendant's threats.

19. Also during the call, Defendant stated that after Defendant filed a lawsuit, Defendant would be able to place a lien on Plaintiff's property if Plaintiff did not pay.

20. Defendant's statements were a false statement about the legal process.

21. Defendant would not be able to obtain a lien on Plaintiff' personal property by filing a lawsuit. Rather, Defendant would only be allowed to place a lien on Plaintiff's personal property after Defendant had won the hypothetical lawsuit and had a judgment entered in their favor. Defendant's statements threatened to take a legal action which Defendant had no right to take because Defendant did not have a judgment against Plaintiff.

22. Defendant's threats to file lawsuits and place alien on Plaintiff's property were designed to abuse and harass Plaintiff in order to solicit a payment on the alleged debt.

23. Plaintiff was misled by Defendant's threats and as a result Plaintiff suffered anxiety and worry that she was going to be sued by Defendant and have a lien placed on her property.

24. Defendant took time out of his day to seek the advice of counsel regarding the Defendant's threats to sue and the Defendant's phone calls while he was at work.

## INJURIES-IN-FACT

25. The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

26. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which

creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

27. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

28. Defendant is subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt.

29. Defendant's acts and omissions caused particularized harm to the Plaintiff in that she was suffered worry and anxiety that she was going to be sued by Defendant and have a lien placed on her property, and also that she took time to discuss this debt with counsel in response to the threats.

30. Accordingly, through the suffering of actual damages and a violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiffs have suffered an injury-in-fact sufficient to establish Article III standing

## **DAMAGES**

31. As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.) Being subjected to false, deceptive, unfair, and unconscionable debt collection practices;

b.) Uncompensated time expended away from work and/or activities of daily living, to confer with counsel regarding the Defendant's collection efforts; and,

c.) Anxiety and worry due to concerns that she might be sued by Defendant and have her property taken away.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq.*

32. Plaintiff incorporates by reference paragraphs 1 through 31 as though fully stated herein.

### *Violations of 15 U.SC. § 1692d and subparts*

34. Defendant's threats to file suit and place a lien on Plaintiff's property were intended to harass, abuse, embarrass, and intimidate the Plaintiff.

35. Defendant's conduct violated 15 U.S.C. § 1692d.

### *Violations of 15 U.SC. § 1692e and its subparts*

33. 15 U.S.C. §•1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

34. The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading. *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

35. The standard in determining the nature of any such representation is that of the "least sophisticated consumer." Its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010).

36. Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)

37. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

38. Defendant's statements that it would file a lawsuit against Plaintiff was a false statement about the Defendant's authority to take such action.

39. Defendant's statements that it had the ability to pl ace a lien on Plaintiff's property was false statement about the legal status of the alleged debts.

40. Defendant's communications were in violation of 15 U.S.C. §§ 1692e, e(2)(A), e(5), and e(10) among others.

41. As a result of Defendant's violations of the FDCPA, Defendant is liable to Plaintiffs for actual damages as described herein, statutory damages in the amount of $1,000.00, costs of this action and reasonable attorney's fees as determined by the Court as mandated by 15 U.S.C. § 1692k.

## COUNT II

## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT

## O.C.G.A. § 10-1-390, *et seq.*

42. Plaintiff incorporates by reference paragraphs 1 through 41 as though fully stated herein.

43. O.C.G.A. § 10-1-390 *et seq.* is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

44. The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state. O.C.G.A. § 10-1-391.

45. O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

46. O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

47. Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

48. Defendant's conduct has implications for the consuming public in general.

49. Defendant's conduct negatively impacts the consumer marketplace.

50. Collecting a debt incurred during a consumer transaction could harm the general consuming public if conducted via deceptive acts or practices and clearly falls within the parameters of the GFBPA. Thus, a violation of the FDCPA constitutes a violation of the GFBPA. *See 1st Nationwide Collection Agency, Inc. v. Werner*, 288 Ga. App. 457, 459 (2007).

51. Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

52. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

53. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

54. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

55. Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## TRIAL BY JURY

56. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k ;

d.) General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c);

e.) Reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d);

and

f.) Such other and further relief as may be just and proper.

Respectfully submitted this 21st day of September, 2020.

        **BERRY & ASSOCIATES**
*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
*matt@mattberry.com*
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3300
Fax (404) 235-3333

*/s/ Chris Armor*
Christopher N. Armor
Georgia Bar No. 614061
P.O. Box 451328
Atlanta, GA 31145
Phone 470-990-2568
Fax 404-592-6102
*chris.armor@armorlaw.com*
Plaintiff's Attorneys